UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL HENRY UPTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  2:16-cv-00442<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE TELEPHONE CONSUMER PROTECTION ACT
AND THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes MICHAEL HENRY UPTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of THE CBE GROUP, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA and the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 28 year old natural person residing at 6200 Melton Road, Apartment 106, Gary, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant is a third-party debt collection agency with its headquarters located at 1309 Technology Parkway, Cedar Falls, Iowa.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1950.[1]

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Throughout 2015, Plaintiff received calls from Defendant to his cellular phone, (219) XXX-0408. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://www.acainternational.org/memberdirectory.aspx.

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 0408.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. The phone number that Defendant most often utilized to call Plaintiff was (319) 242-7353.  *See* Exhibit A.

15. Upon information and belief, the phone number ending in 7353 is regularly used by Defendant during its debt collection actions towards consumers in Indiana.

16.  Defendant persistently called Plaintiff's cellular phone looking for an individual with whom he does not know.  *Id.*

17. During answered calls, Defendant identified itself as a debt collector that was attempting to collect a debt.  *Id.*

18. Upon information and belief, Defendant was calling Plaintiff's cellular phone seeking collection of consumer debt.

19. Plaintiff advised Defendant that he did not know the individual it was calling for and demanded that it stop contacting him.  *Id.*

20. Despite his requests, Defendant continued to regularly call Plaintiff's cellular phone on an almost daily basis.  *Id.*

21. For reference, from September 30, 2015 to October 27, 2015, Defendant called Plaintiff's cellular phone at least 24 times.  *Id.*

22. Defendant called Plaintiff's cellular phone multiple times during the same day.  *Id.*

23. Defendant has called Plaintiff not less than 80 times.  *Id.*

24. Plaintiff never gave permission for Defendant to call his cellular phone.  *Id.*

25. Frustrated over the calls, Plaintiff purchased an application on his cellular phone to block Defendant's phone number.  However, Defendant's conduct persisted.  *Id.*

26. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

27. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed and mislead by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33. Defendant used an ATDS in connection with its communications directed towards Plaintiff.   After answering calls from Defendant, Plaintiff experienced a brief pause before being connected to a live representative.  This behavior is indicative of an ATDS system which utilizes a predictive dialer.  Additionally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

34. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Defendant had no business relationship with Plaintiff and was attempting to reach a different party. Therefore, it could not have been granted consent by Plaintiff to use an ATDS in calling his cellular phone. Even if Defendant somehow had consent to call Plaintiff via an ATDS, such permission was explicitly revoked by his demands to cease contact.

35. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHAEL HENRY UPTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Generally, the FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

39. Defendant violated 15 U.S.C. §§1692b(3), c(a)(1), d and f during its communications with Plaintiff.  As an experience and sophisticated debt collector, Defendant knows that it is limited in the communications it can have with third-parties.  Defendant was seeking to collect on a consumer debt of an individual not associated with Plaintiff.  It had more than enough information to know that the phone number it was calling did not belong to the individual it was seeking payment from.  Similarly, it was aware that Plaintiff had no relationship with this individual.  Armed with this knowledge, Defendant called Plaintiff's cellular phone without his consent.  Defendant hoped that its contacts with Plaintiff would coerce him into making payment in order to avoid further calls.  Plaintiff was unfairly harassed by Defendant's actions.

40. As plead in paragraphs 25 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL HENRY UPTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff.  Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff.  Defendant was specifically notified by Plaintiff that it was contacting the wrong individual and to cease its conduct.  However, Defendant ignored these prompts in an abusive attempt to secure payment from Plaintiff.

48. Defendant knew that it was contacting the wrong individual with its collection attempts.  However, Defendant abusively and deceptively continued contacting Plaintiff for the fraudulent

purposes of obtaining payment.  Defendant's conduct is part of an incurable deceptive scheme to secure payment through any means necessary, regardless of the individual it comes from.

49. Placing numerous calls within a short window was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

50. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

52. Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.

53. As pled in paragraphs 25 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MICHAEL HENRY UPTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 13, 2016　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ Nathan C. Volheim
　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　Admitted in the Northern District of Indiana
　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　900 Jorie Boulevard, Suite 150
　　　　　　　　　　　　　　　　　　　Oak Brook, Illinois 60523
　　　　　　　　　　　　　　　　　　　(630) 575-8181 x113 (phone)
　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com